449 F.2d 765
 Gale S. GILL, Individually and as Guardian of her minor children, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
Louise B. BARLOW, Individually and as Guardian of her minor children, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 71-1536 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 1, 1971.
 
 Roby Hadden, U. S. Atty., Tyler, Tex., Walter H. Fleischer, William Kanter, Department of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., for defendant-appellant.
 Bun L. Hutchinson, Victor Hlavinka, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Tex., for Louise B. Barlow.
 J. R. Hubbard, Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, Tex., for Gale S. Gill.
 John D. Raffaelli, Texarkana, Tex., for Ann H. Bintliff.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this suit for the death of two passengers killed in the crash of a private airplane, our earlier opinion, Gill v. United States, 429 F.2d 1072 (5th Cir. 1970), affirmed the District Court as to liability of the government for negligence but remanded for consideration of whether there was pilot negligence which proximately contributed to the accident.[1]
 
 
 2
 On remand the District Court found that the pilot "was guilty of no negligence which was a proximate cause of the death of plaintiffs' decedents." The court reaffirmed the finding entered in its initial decision that the negligence of the government was "the proximate cause" and clearly spelled out that this phraseology was intended to exclude any other contributing cause.
 
 
 3
 In his opinion on remand the District Judge did say that he found "no evidence that the pilot took any subsequent intervening action that was for any purpose other than to land the plane safely under the prevailing stormy weather conditions." The government asks us to hold that this was an erroneous legal standard because it excluded from consideration any negligence of the pilot having its basis prior to that of the government. This we must reject, in view of the firm statements of the trial judge which we have described above, plus the equally firm statement that what he had both meant to say and had said in his first opinion was that the government's negligence was the sole efficient cause, so that, in his view, a remand on the issue of pilot negligence was wholly unnecessary.
 
 
 4
 As we read the District Judge's findings, he has made clear that he places upon the government all negligence proximately contributing to the accident and places on the pilot none — subsequent, prior or concurrent. We are not able to say that his findings are plainly erroneous. There the matter must be, and is, laid to rest.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409
 
 
 [1]
 If there was pilot negligence proximately contributing to the accident, the government was entitled to have the judgment against it reduced by one-half, and if there was no such Pilot negligence to have the judgment reduced by the sum paid to plaintiffs in settlement by the estate of the deceased pilot